## No. 2162.—E. G. Cook *v.* A. Miltenberger & Co.

The written promise to accept an existing bill is an absolute acceptance which is binding on the party who makes it; therefore, if a party promise in writing to accept drafts drawn upon him by the collector of internal revenue for the amount of taxes imposed upon him on account of cotton received, he is bound on such drafts, and can not be heard to urge that the laws of the United States prohibit tax collectors from collecting taxes in any thing but lawful money. Nor can he be allowed to urge that no one but the United States is entitled to recover.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. J. M. Bonner*, for plaintiff and appellant. *Campbell, Spofford & Campbell*, for defendants and appellees.

HOWELL, J. Plaintiff, Collector of Internal Revenue for the First District of Mississippi, sues the defendants upon six drafts, drawn by C. F. Caruthers & Co., of Osyka, Mississippi, in pursuance of the following letter of defendants, dated October 26, 1866: "We have no objection to your drafting upon us in payment of the internal revenue

tax on cotton shipped to us. Your drafts for same will therefore be duly honored." This was in reply to the following from said Caruthers & Co., of October 24: "Please to inform us whether it would suit you if we were to give a draft on you for the internal revenue tax, the collector here preferring same instead of money." The drafts amount to $2790, are dated, the first on October 27, payable at ten days, the second on November 10, at sight, the third December 3, at sight, the fourth December 15, at sight, the fifth December 24, (1866), at sight, and the sixth January 28, 1867, at sight, and were protested April 11, 1867. The defendants except that there is no cause of action, because the laws of the United States prohibit the collectors from collecting taxes in any thing but lawful money, and if any party is entitled to recover it is the United States; and for answer they allege that they had no notice of said drafts until after the account of the drawers was closed and settled; that said drafts are largely in excess of any shipments to defendants; and that the non-presentment by the holder, the failure to give notice by the drawers, the time given to the latter, and the violation of the act of Congress, have released defendants, who plead illegality, collusion, fraud and want of interest in plaintiff. The exception was maintained, and plaintiff appealed.

The laws of Congress, invoked by defendants, are enacted in the interest of the government of the United States, and can not avail as a defense to this action on behalf of defendants, who are liable, if at all, on their agreement to accept commercial paper, given for the amount of the revenue tax on cotton shipped to them. See 1 Brightley Dig., pp. 887, 888, §§ 50, 57, 58, 59, 60, 66; 13 Stat. at Large, p. 400, §§ 25, 51; 14 Stat. at Large, p. 98, §§ 1 and 2.

There is ample proof that defendants were notified of each draft as drawn and promised to pay them, and that they were drawn for the tax on cotton shipped to defendants, in accordance with their authorization of October 26, 1866. Their subsequent settlement with the drawers, without including or providing for the same, was at their own risk, so far as the holder is concerned. The written promise to accept an existing bill is an absolute acceptance, and nothing but payment or a release can exonerate such acceptor. Story on Bills, §§ 244, 254; Parsons on Notes and Bills, vol. 1, p. 324. There was a written promise on the part of defendants to honor each one of these drafts in addition to the first letter agreeing to do so.

Under the circumstances they must be held liable.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendants, A. Miltenberger and G. Miltenberger, *in solido*, the sum of $2790, with legal interest from April 11, 1867, and costs in both courts.

Rehearing refused.